IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NOAH K. WHITT,

    Plaintiff,

v.                                                Civil Action No. 5:04CV76
                                                                   (STAMP)
JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER
ACCEPTING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The plaintiff, Noah K. Whitt ("Whitt"), filed an action in this Court on July 7, 2004 seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security Administration, pursuant to 42 U.S.C. § 405(g). The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B). The defendant filed an answer to the plaintiff's complaint on September 7, 2004, and a motion for summary judgment on November 8, 2004. On October 7, 2004, the plaintiff filed a motion for summary judgment.

Magistrate Judge Seibert considered the defendant's motion for summary judgment and submitted a report and recommendation. In his report, he made the following findings: (1) the decision of the

Administrative Law Judge ("ALJ") was based on substantial evidence; (2) the ALJ properly followed SSR 87-6 and properly found that the defendant did not meet Listing 11.02 and 11.03; and (3) the hypothetical questions posed to the Vocational Expert ("VE") were based on the defendant's functional limitations as supported by objective medical evidence.

Upon submitting this report, Magistrate Judge Seibert informed the parties that, if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. On May 6, 2005, the plaintiff filed objections to the magistrate judge's report and recommendation requesting this Court to reverse the Commissioner's decision or, in the alternative, remand the claim for further evaluation of medical evidence and medical expert testimony.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44,

47 (4th Cir. 1982); Web v. Califona, 486 F. Supp. 825 (E.D. Cal. 1979).

Accordingly, this Court reviews de novo the magistrate judge's findings regarding the ALJ's finding that the plaintiff did not meet Listing 11.02 or 11.03 pursuant to SSR 87-6. All other findings for the magistrate judge are reviewed for clear error.

## II. Facts

On September 25, 2002, the plaintiff filed for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). His claim was initially denied, but was reconsidered at a hearing on December 9, 2003. On March 11, 2004, an ALJ entered a decision finding that the plaintiff was not disabled within the meaning of the Social Security Act. An Appeals Council denied plaintiff's request for review of the ALJ's decision. The plaintiff then filed the present action with this Court.

## III. Legal Standards

A. Standard of Review

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hayes v. Sullivan, 907 F.3d 1453, 1456 (4th Cir. 1990)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not

prevent an administrative agency's findings from being supported by substantial evidence.'" See Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1966)(quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

B.  Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether

there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## IV. Discussion

A. Magistrate Judge Correctly Affirmed ALJ's Finding That Plaintiff Did Not Meet Listing 11.02 or 11.03 Pursuant to SSR 87-6

As the magistrate judge recognized, SSR 87-6 requires an ALJ to consider the success with which a plaintiff has followed any

5

treatment plan designed to control a seizure disorder when such a disorder constitutes the plaintiff's impairment.  Pursuant to the regulations, low anticonvulsant blood levels support the determination that a plaintiff has not consistently treated his condition by taking prescribed medications.  See SSR 87-6.  The regulations further state, "Unless convincing evidence is provided that subtherapeutic blood drug levels are due to abnormal absorption or metabolism, and the prescribed drug dosage is not itself inadequate, the conclusion should follow that the individual is not complying with the treatment regimen."  Id. (emphasis added).  Failure to comply with a treatment regimen makes a plaintiff ineligible for an allowance on the basis of meeting listing level severity, including Listing 11.02 and 11.03.  SSR 87-6.

In his objection, the plaintiff maintains that Ashraf Badour, M.D., conclusively indicated through blood work on March 3, 2003, that the plaintiff's blood contained a therapeutic level of Carbamazapine.  The plaintiff argues that, pursuant to the March 3, 2003 blood test, the ALJ should have directed the plaintiff to a consultative evaluation to clarify inconsistencies in the record.  This Court disagrees.

A consultative evaluation is only required when the ALJ has an insufficient basis for making a disability decision.  See 20 C.F.R. § 404.1513(e), 404.1527(c)(3).  Here, the ALJ's basis was

6

sufficient. As the magistrate judge notes, a single test before the ALJ from September 2002 indicated that plaintiff's level of medication was 2.8, a level below the recommended range of 10.0 to 20.0 UG/ML. R. at 20. The ALJ requested updated laboratory tests and an explanation from the treating physician as to why therapeutic levels had not been met. R. at 20. The ALJ held the record open and "received numerous laboratory tests indicating that the claimant has not consistently maintained therapeutic levels of phynytoin (Dilantin) or any other anti-seizure medication as detailed in SSR 87-6, other than, recently, carbamazepine (Tegretol) one time." R. at 20. The plaintiff offered no explanation from his treating physician explaining why therapeutic levels were not maintained. In sum, the ALJ correctly followed all procedures outlined in SSR 87-6 and made his decision on the basis of sufficient evidence.

Furthermore, under the regulations, the plaintiff must provide "convincing evidence" with regard to his therapeutic levels or else the ALJ should conclude that the plaintiff is not complying with his treatment regimen. "Convincing evidence" is not defined by the regulation, but it is an oft-used and well-known standard appropriately defined "as evidence which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable [the factfinder] to come to

7

a clear conviction, without hesitancy, of the truth of the precise facts in issue." See Cruzan v. Missouri Dep't of Health, 497 U.S. 261, 285 n.11 (1990) (alteration in original) (internal quotation omitted) (defining "clear and convincing").  In an effort to meet this burden, the plaintiff offers a blood test from a medical doctor, and medical notes indicating that optimal levels of control were difficult to reach and variations on the medications and dosages were being tried.  This Court finds that the ALJ correctly concluded that plaintiff had not meet the "convincing evidence" standard required to show that low anticonvulsant blood levels were the result of something other than noncompliance of a treatment program.  Accordingly, the ALJ's determination was based on substantial evidence and a correct application of the regulations.

Finally, this Court finds that the magistrate judge's determination that the ALJ posed appropriate hypothetical questions to the VE is without clear error.

## V.  Conclusion

After reviewing the magistrate judge's findings, this Court agrees that the ALJ's decision was supported by substantial evidence, and that the defendant's motion for summary judgment should be granted, that the plaintiff's motion for summary judgment should be denied.  This Court concludes that there are no remaining genuine issues of material fact for this Court to consider.

For the reasons stated above, this Court ACCEPTS and ADOPTS the magistrate judge's recommendation. For the reasons stated above, it is ORDERED that the summary judgment motion of the defendant be GRANTED and the plaintiff's motion for summary judgment be DENIED. It is further ORDERED that the plaintiff's alternative request to remand be DENIED and that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: May 24, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE